UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ALICJA NIVER,                             Civil No. 3:02CV1786 (JCH)

   Petitioner,

v.

IMMIGRATION AND NATURALIZATION
SERVICE,

   Respondent.              June 17, 2004

### MOTION FOR CERTIFICATE OF APPEALABILITY

NOW comes the petitioner, ALICJA NIVER, by and through her attorney, David J. Wenc, and moves this Honorable Court to issue a certificate of appealability of this court's Ruling[1] regarding her claim for habeas corpus relief.

### JURISDICTION

This court ruled that it lacked jurisdiction to determine Niver's "nationality" claim on the merits without reference to 8 U.S.C. 1252 (b) (5). However, two district courts have made this determination without reference to Sec. 1252 (b) (5). *See, Lee v. Ashcroft*, 216 F.Supp.2d 51, 56-59 (E.D.N.Y. 2002) and *Shittu v. Elwood*, 204 F.Supp.2d 876, 878-81 (E.D. Pa. 2002). The district court failed to address these cases in its Ruling.

Notwithstanding *Lee* and *Shittu*, this court could have transferred Niver's "nationality" claim to the court of appeals

---

[1] See attached copy of the district court's ruling and judgment.

pursuant to 28 U.S.C. 1631 "in the interest of justice" should it find "that there is a want of jurisdiction". The INS alleged that Niver was not a citizen or a national of the United States. Instead, it alleged that Niver was a native and citizen of Poland. *See, INS Notice to Appear, dated February 5, 2001*. On April 29, 2002, an Immigration Judge ordered Niver removed from the United States to Poland on the basis of the charges contained in the Notice to Appear. *See, Order of Immigration Judge, dated April 29, 2002*. Because the INS and the immigration judge addressed the issue of whether Ms. Niver was a "national" of the United States, it does not matter whether Ms. Niver raised the issue. *See, Maria v. McElroy, 68 F. Supp. 2d at 216, 218 (whether or not the issue was technically before the BIA, the BIA addressed it thoroughly enough)*. Ms. Niver was a pro se litigant. The issues Ms. Niver presented at the IJ hearing and in her BIA appeal were sufficient to present the claim in her amended habeas petition that she was a "national" of the United States. A "national" cannot be removed on the basis of an "aggravated felony". *See, INA sec. 237 (a) (2) (A) (iii); and Lee v. Ashcroft, 216 F. Supp. 2d 51 (E.D.N.Y. 2002)*. Since the IJ and the BIA ruled that Ms. Niver was removable on the basis of an "aggravated felony", both entities *necessarily* had to conclude that Ms. Niver was not a citizen or national of the United States. Therefore, exhaustion was satisfied because

both the IJ and the BIA addressed the "national" issue sufficiently to vindicate policy concerns underlying the exhaustion doctrine.

### STATE HABEAS CLAIM

During a February 24, 2004 hearing, petitioner's counsel stated that Niver's collateral attack on her state convictions under Sec. 2241 was probably "premature". However, upon further reflection and research, it does not appear that the 2d Circuit or the district courts in Connecticut have faced this issue when applied to facts similar to those found in this case. *See*, Broomes v. Ashcroft, 02-6419 (10th Cir. 2004), Nos. 02-6419 & 03-1063; Drakes v. I.N.S., 330 F.3d 600, 605-06 (3d. Cir.), cert denied, 124 S.Ct. 541 (2003); Contreras v. Schiltgen, 151 F.3d 906, 907-08 (9th Cir. 1998); Neyor v. I.N.S., 155 F.Supp.2d 127, 138-39 (D.N.J. 2001).

Sec. 2241 should serve as a vehicle for the district court to review the validity of Niver's state court convictions when those convictions serve as the sole predicates for the DHS (formerly INS) detention and removal orders.

In addition, the district court failed to address the petitioner's state habeas claim related to ineffective assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a claim of ineffective assistance of counsel during plea-bargaining, the client must show (a) that defense counsel did not investigate the exact immigration consequences that would flow from the conviction, (b) that counsel did not advise the client of those consequences, and (c) that the client did not enter the plea knowingly and intelligently. Further, prejudice must be shown in that the client would not have entered the guilty plea if she had been properly informed. See, Downs-Morgan v. U.S., 765 F.2d 1534, 1538 (11th Cir. 1985), citing Wofford v. Wainright, 748 F.2d 1505, 1508 (11th Cir. 1984)(per curiam); People v. Soriano, 194 Cal. App. 3d 1470 (1987)(in order to render effective assistance of counsel, defense counsel must investigate the particular immigration consequences to the defendant of a plea bargain and advise the client of those consequences prior to entry of the plea); In re Resendiz, 25 Cal.4th 230 (2001)(misadvice from counsel regarding the immigration consequences of a conviction can rise to constitutionally deficient performance); Janvier v. United States, 793 F.2d 449 (2d Cir. 1986)(defense counsel must take immigration consequences into account at sentencing in order to protect the client if possible against deportation.)

Page 4 of 4

The petitioner made these claims in her state habeas case. At the very least, the district court should have permitted a stay of removal in order to permit petitioner the opportunity to complete litigation of the claim of ineffective counsel as well as her other claims. See, Arango-Aradondo v. INS, 13 F.3d 610, 613-14 (2d Cir. 1994) (declining to consider constitutional ineffective assistance of counsel claim that was not raised before the BIA but granting stay of deportation to allow petitioner to do so).

### STANDARDS FOR STAYS OF REMOVAL ORDERS

In Mohammed v. Reno, 02-2443, 309 F.3d 95 (2d Cir. 2002), the 2nd U.S. Circuit Court of Appeals clarified the standards under which a federal judge may issue a temporary stay of a removal order. The Mohammed court held that the heightened standard under INA Sec. 242(f)(2) does not apply to stays pending appeals of denial of an alien's habeas petition. However, the Court went on to vacate the District Court's stay order under traditional injunctive relief analysis where the petitioner had virtually no chance of success on the merits of his claim for 212(c) relief.

In the case at bar, Niver has demonstrated the possibility of prevailing on her "nationality" claim should this court

transfer the claim to the USCA. The government has not disputed one fact establishing Niver's showing that she owes permanent allegiance to the United States. In addition, Niver has demonstrated the possibility of prevailing on her collateral attack of the state court convictions. Niver can show at a state habeas proceeding (a) that her defense counsel did not investigate the exact immigration consequences that would flow from the conviction, (b) that her counsel did not accurately advise her of those consequences, and (c) that she did not enter the plea knowingly and intelligently. Further, Niver would not have entered the guilty plea if she had been properly informed of the immigration consequences.

This court should have entered a stay of the DHS's removal order until Niver's collateral attack on her state convictions can be litigated. Should the state court vacate the state convictions on legal or constitutional grounds, Niver can then return to an immigration judge to reopen removal proceedings because immigration authorities will respect the vacatur. See, Matter of Rodriquez-Ruiz, 22 I&N Dec. 1378 (BIA 2000).

WHEREFORE, petitioner prays that this motion be granted.

Respectfully Submitted,
PETITIONER, ALICJA NIVER,

BY: _____
David J. Wenc, Her Attorney
Wenc Law Offices
44 Main Street
P.O. Box 306
Windsor Locks, CT 06096
Tel. (860) 623-1195
FED BAR # CT00089

## CERTIFICATION

    I hereby certify that on June 17, 2004 I served a copy of the foregoing Motion w/attachments by U.S. mail, first-class postage prepaid, to:

Chambers of the Honorable Janet C. Hall
United States District Court
915 Lafayette Boulevard
Bridgeport, CT  06604

Assistant United States Attorney Lisa E. Perkins
Office of the United States Attorney
450 Main Street
Hartford, CT 06103

_____
David J. Wenc, Esquire