UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JAN -6  A 11: 45

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

|  |  |
|---|---|
| ALICJA NIVER, | : |
| Petitioner, | : CIVIL NO.  3:02CV1786(JCH) |
| v. | : |
| IMMIGRATION AND NATURALIZATION SERVICE, | : |
|  | : |
| Respondent. | JANUARY 5, 2005 |

## GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Pursuant to Fed. R. App. P. 10(e)(2)(B), the Government respectfully moves for

supplementation of the record on appeal to include the attached transcripts of petitioner's

hearings before the Immigration Judge ("IJ") during her removal proceedings.

By way of background, on October 9, 2002, petitioner filed a *pro se* petition for writ of

habeas corpus in the district court seeking relief from the IJ's order of removal from the United

States.  Counsel was appointed to represent petitioner.  After the government responded to the

petition, and while awaiting a ruling by the court, the BIA dismissed petitioner's administrative

appeal.  Petitioner subsequently filed an amended habeas petition.  On May 12, 2004, the Court

dismissed the amended petition by written ruling.  Judgment entered on May 19, 2004.

Petitioner thereafter appealed the Court's ruling.

The transcripts of petitioner's hearings before the IJ were not available when the

Government initially responded to the petition for writ of habeas corpus because at the time

petitioner's appeal with the BIA was still pending.[1]  Although the IJ's order of removal,

---

[1] Transcripts of removal hearings generally are not generated unless and until an appeal
is filed with the BIA, which orders the transcripts.  The transcripts remain with the BIA until the

petitioner's notice of appeal to the BIA, the BIA decision, and other relevant administrative

documents were filed with the district court during the habeas proceedings herein, the transcripts

were inadvertently omitted and are relevant to and would make more complete the record that

has been certified to the United States Court of Appeals for the Second Circuit (appellate docket

no. 04-3599-pr).

Rule 10(e)(2)(B) authorizes this Court to correct or modify the record on appeal "[i]f

anything material to either party is omitted from . . . the record by error or accident," and notes

that such action may be taken, *inter alia*, "by the district court before or after the record has been

forwarded" to the Court of Appeals. The Government hereby moves for this Court to modify the

record on appeal, to include the attached transcripts, so that the Court of Appeals has the benefit

of all documents relevant to the issues before the Court in making its decision.

Counsel for the defendant has graciously consented to this motion.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

LISA E. PERKINS
ASSISTANT UNITED STATES ATTORNEY
450 MAIN STREET, ROOM 328
HARTFORD, CT 06103
(860) 947-1101
FEDERAL BAR NO. ct23164
lisa.perkins@usdoj.gov

---

appeal has been decided. In this case, the BIA dismissed petitioner's administrative appeal on
December 18, 2002.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within and foregoing has been mailed, postage

prepaid, this 5th day of January, 2005, to:

David J. Wenc, Esq.
Waterside Office Park
44 Main Street
P.O. Box 306
Windsor Locks, CT 06096

                         LISA E. PERKINS
                       ASSISTANT UNITED STATES ATTORNEY

3

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

Matter of

File A 23 441 796

ALICJA SZYMANSKI                    )
                                   )
                                   )    In REMOVAL Proceedings
                                   )
                                   )
          Respondent               )    Transcript of Hearing

Before MICHAEL W. STRAUS, Immigration Judge

Date:  July 16, 2001                Place:  Hartford, Connecticut

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

     For the Immigration and
     Naturalization Service:        For the Respondent:

     Robert K. Bingham              Anthony Collins


JUL 2005
RECEIVED
BOARD OF
IMMIGRATION
APPEALS

1   JUDGE FOR THE RECORD

2      This is Immigration Judge Michael W. Straus, this is a

3   removal hearing in Hartford -- at the York Correctional

4   Institution in Nyanic, Connecticut on July 16th, 2001.  In the

5   matter of Alicja Niver (phonetic sp.), also known as Alicja

6   Szymanski.

7   MS. SZYMANSKI TO JUDGE

8      A.    Szymanski.

9   JUDGE FOR THE RECORD

10      Szymanski.  File no. A 23 441 796.

11   JUDGE TO MR. COLLINS

12      Present on behalf of the respondent?

13   MR. COLLINS TO JUDGE

14      Anthony Collins.

15   JUDGE TO MR. BINGHAM

16      Present on behalf of the INS?

17   MR. BINGHAM TO JUDGE

18      Robert K. Bingham.

19   JUDGE TO MR. COLLINS

20      All right.  Mr. Collins, I have your notice of

21   representation.  Have you reviewed the Notice to Appear?

22   MR. COLLINS TO JUDGE

23      I actually do have the Notice to Appear, my client gave it

24   to me when she was served.  This Court date was actually, came as

25   a surprise to us, though, we didn't know until late last week

A 23 441 796          1          July 16, 2001

1    that we were -- that there was a court date.  I would just ask

2    for a short continuance for attorney preparation.

3    JUDGE TO MR. COLLINS

4        Okay.  Let's see, when is her release date?

5    MS. SZYMANSKI TO JUDGE

6        A.    June 6th, 2002.

7        Q.    2002?

8        A.    Yes, Your Honor.

9        Q.    All right.

10   JUDGE FOR THE RECORD

11       What I'll do is mark the Notice to Appear as Exhibit 1 and

12   Exhibit 2 for identification is the conviction record.

13   JUDGE TO MS. SZYMANSKI

14       Q.    Okay, ma'am, you understand what this hearing is about?

15       A.    Yes.

16       Q.    You understand that it's to decide whether you should

17   be deported?

18       A.    Yes.

19       Q.    You understand that?  Okay.  All right.

20   JUDGE FOR THE RECORD

21       So I'm going to reset this for attorney preparation.  I

22   think, I'm not sure what the exact date is, Mr. Collins, I think

23   approximately two or three months.

24   MR. COLLINS TO JUDGE

25       Okay, that's fine.

A 23 441 796                    2                    July 16, 2001

1  JUDGE TO MR. COLLINS

2      Okay.  And we'll try to hopefully get the hearing notice to

3  you soon.  Okay?

4  MR. COLLINS TO JUDGE

5      Thank you.

6  JUDGE TO MR. BINGHAM

7      Is there anything further, Mr. Bingham?

8  MR. BINGHAM TO JUDGE

9      No, Your Honor.

10  JUDGE FOR THE RECORD

11      All right.  This matter is continued.

12                    HEARING ADJOURNED

13

14

15

16

17

18

19

20

21

22

23

24

25

A 23 441 796                    3                July 16, 2001

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of

File A 23 441 796

```
                                    )
                                    )
ALICJA SZYMANSKI                    )   In REMOVAL Proceedings
                                    )
                                    )
                  Respondent        )        Transcript of Hearing
```

Before MICHAEL W. STRAUS, Immigration Judge

Date:  October 22, 2001          Place:  Hartford, Connecticut

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

    For the Immigration and
    Naturalization Service:          For the Respondent:

    Robert K. Bingham                 Anthony Collins

1  JUDGE FOR THE RECORD

2      This is Immigration Judge Michael W. Straus.  This is a

3  removal hearing in Hartford, Connecticut on October 22nd, 2001.

4  The matter of Alicja Szymanski, otherwise known as Alicja Niver.

5  File no. A 23 441 796.  The respondent is present by phone.

6  JUDGE TO MR. COLLINS

7      Present in the courtroom?

8  MR. COLLINS TO JUDGE

9      Anthony Collins.

10  JUDGE TO MR. BINGHAM

11      And present on behalf of the INS?

12  MR. BINGHAM TO JUDGE

13      Robert K. Bingham.

14  JUDGE TO MR. COLLINS

15      All right.  Let's see, Mr. Collins, this matter was set for

16  attorney preparation.  I believe you have a copy of the record of

17  conviction.  Right?

18  MR. COLLINS TO JUDGE

19      I do.

20  JUDGE TO MR. COLLINS

21      All right.

22  MR. COLLINS TO JUDGE

23      I need a little bit more time.  I'm working on something on

24  this.  I need to talk to the trial attorney about the file.  I'm

25  just asking for one more continuance.

A 23 441 796                    4              October 22, 2001

1  JUDGE TO MR. COLLINS

2      Well, I really can't schedule it that way.  Is there

3  anything -- do you want to talk to him right, right now?

4  MR. COLLINS TO JUDGE

5      Well, the unfortunate thing is that Mr. Bingham doesn't have

6  his file so that makes things a little bit difficult.

7  JUDGE TO MR. COLLINS

8      Okay.

9  MR. COLLINS TO JUDGE

10     But if I could talk to him very briefly.

11 JUDGE TO MR. COLLINS

12     Sure.

13 MR. BINGHAM TO JUDGE

14     I believe the file is in the region, right?

15 MR. COLLINS TO JUDGE

16     I don't know, I don't know where the file is.

17 MR. BINGHAM TO JUDGE

18     I have a note to that effect.  NRC.  What is that?  Records

19 Center, perhaps.  National Records File.

20 JUDGE TO MR. BINGHAM

21     I don't know, it's a pending case, Mr. Bingham.  It's kind

22 of a strange place for it to go, because --

23 MR. BINGHAM TO JUDGE

24     Well, no, it may be that it's been there and requested from

25 there.

A 23 441 796                        5                    October 22, 2001

1    JUDGE TO MR. BINGHAM

2        Because we had a hearing on the case in Nyanic on July 16th.

3    There's certainly no notation that the Service didn't have its

4    file.

5    MR. BINGHAM TO JUDGE

6        Unfortunately there was a freeze on file movement for a

7    period of time even within the agency. I don't know if that

8    impacted it at all. All I have is a clerical note, NRC Freeze.

9    I could double-check again and see what the status of that is.

10   But --

11   JUDGE TO MR. BINGHAM

12       All right.

13   MR. BINGHAM TO JUDGE

14       But there's a conviction of record, we can least find out

15   what kind of relief is being sought.

16   MR. COLLINS TO MR. BINGHAM

17       The type of relief I'm looking for, Mr. Bingham, is I would

18   like to be able to file a motion to terminate based on

19   prosecutorial discretion and I'm still trying to put those

20   records together. And I -- I know it's a tough --

21   JUDGE TO MS. SZYMANSKI

22       Q.    Ma'am, when are you scheduled to be released?

23       A.    My last day is June 3rd and I have granted parole on

24   December 23rd.

25       Q.    Of this year?

A 23 441 796                    6              October 22, 2001

1      A.   Yes.

2      Q.   Okay.

3   JUDGE TO CLERK

4      What's my next available date?

5   MR. BINGHAM TO JUDGE

6      Where is she today, Judge?

7   JUDGE TO MR. BINGHAM

8      She's in York, that's York.

9   MR. BINGHAM TO JUDGE

10     Oh, okay.

11   MS. SZYMANSKI TO JUDGE

12     A.   Yes.

13   CLERK TO JUDGE

14     (Indiscernible).

15   JUDGE TO CLERK

16     No.

17   CLERK TO JUDGE

18     (Indiscernible).

19   JUDGE TO MR. COLLINS

20     All right.  This is a motion that you want to make, because

21   it appears, I mean, Mr. Collins, on the record, she appears, at

22   least in the Court's mind, to be subject to removal.

23   MR. COLLINS TO JUDGE

24     Yes, that, that -- this is our only relief.

25   JUDGE TO MR. COLLINS

A 23 441 796                    7              October 22, 2001

1     I mean, robbery third.

2  MR. COLLINS TO JUDGE

3     Yes.

4  JUDGE TO MR. COLLINS

5     Probably meets the definition of a crime of violence.

6  MR. COLLINS TO JUDGE

7     Yes, this is basically our only real defense here.  It's,

8  there's many compelling factors here that, that I am going to try

9  to appeal to the trial attorney in regards to a motion to

10  terminate based on prosecutorial discretion.  But I'm still

11  putting that together.  I have all of her medical records, I just

12  received those and I'm getting affidavits of family members and

13  so forth.

14  JUDGE TO MR. COLLINS

15     Okay.

16  JUDGE TO MS. SZYMANSKI

17     Q.   Ma'am, did you hear what Mr. Collins is saying?

18     A.   Excuse me?

19     Q.   Did you hear what your attorney is saying?

20     A.   Yes, yes.

21     Q.   Okay.  I just wanted to make sure you could hear us.

22     A.   Yes.

23     Q.   Okay.

24  MR. BINGHAM TO JUDGE

25     What was the release date that she stated?

A 23 441 796        8        October 22, 2001

1   JUDGE TO MR. BINGHAM

2       She stated the -- the last date was sometime in June but the

3   parole date was in --

4   MR. BINGHAM TO JUDGE

5       Of 2002?

6   MS. SZYMANSKI TO JUDGE

7       A.    December 22.

8       Q.    2001?

9       A.    Yes.

10  JUDGE TO MR. COLLINS

11      2001, that's the parole date.  Now I'm not exactly sure how

12  that works with the, when she's actually --

13  MR. COLLINS TO JUDGE

14      With a detainer on her, I don't think it means anything.

15  JUDGE TO MR. COLLINS

16      It probably doesn't.  It probably means she's going to stay

17  in longer.  Right?

18  MR. COLLINS TO JUDGE

19      Yes, she will.

20  MR. BINGHAM TO JUDGE

21      Well, unfortunately --

22  JUDGE TO MR. COLLINS

23      I believe that's the case.

24  MR. BINGHAM TO JUDGE

25      Well, the issue of prosecutorial discretion is not properly

A 23 441 796                    9              October 22, 2001

1  addressed in the court and so I would not seek that as a basis

2  for a continuance, that's for sure, Judge. All I can say is that

3  if we have a conviction record, we should enter an order.

4  MR. COLLINS TO JUDGE

5      Well, I --

6  JUDGE TO MR. COLLINS

7      What is the basis for this motion? Why is this so

8  compelling, this case?

9  MR. COLLINS TO JUDGE

10     Ms. Niver suffers from various ailment. She has Crone's

11 Disease. She suffers from bipolar disorder. She also has MS and

12 various other things that if she were deported to Poland, she

13 would not be able to receive any sort of treatment for those

14 diseases. And she has -- it appears she has a limited life span

15 here and I, I would just like to have that opportunity to present

16 that evidence to the trial attorney and the District Director to

17 see if they would take any action on that.

18 MR. BINGHAM TO JUDGE

19     Well, that can all be done post-order.

20 MR. COLLINS TO JUDGE

21     I don't think it can be. I think we need to do this before

22 there's an order entered.

23 MR. BINGHAM TO JUDGE

24     Well, we're talking now about the dismissal of the case and

25 that can be done at any time, whether it's before or after an

A 23 441 796                     10                  October 22, 2001

1  order. But for purposes of the Court docket, I think economy of

2  court time is warranted. And we would, we would request an order

3  if there is something later, fine. But this is so unusual that I

4  can't speculate that it would be successful in any event, Judge.

5  MR. COLLINS TO MR. BINGHAM

6    Mr. Bingham, you don't even have your file here today. I

7  mean, that's --

8  MR. BINGHAM TO JUDGE AND MR. COLLINS

9    Well, we have a robbery third conviction and I know from the

10  nature of your complaint, i.e., health related reasons, that's

11  not going to impact the case, Judge.

12  MR. COLLINS TO JUDGE

13    Well, I think that -- I mean, I have only asked for one

14  continuance and I think that this is good cause for one final

15  continuance.

16  JUDGE TO MR. COLLINS

17    All right. I'll give, I'll give Mr. Collins -- and it will

18  be scheduled, it's usually -- these cases are scheduled at two

19  and three intervals.

20  MR. COLLINS TO JUDGE

21    I understand.

22  JUDGE TO MR. COLLINS

23    If, at that time, if you are not ready, then we'll just have

24  to go forward.

25  MR. COLLINS TO JUDGE

A 23 441 796                    11                    October 22, 2001

1      I'll be ready.  I'll be ready, that will be it.  We'll --
2  I'll be prepared then.

3  JUDGE TO MR. COLLINS

4      And whether the Service has its file or not.

5  MR. COLLINS TO JUDGE

6      I understand.

7  JUDGE TO MR. COLLINS

8      It won't make a difference.  All right.  So I will reset
9  this to the next available day, I don't know when that is.  It
10  will be two -- two or three months, whether it will actually be
11  in Nyanic or not, I'm not really sure.

12  MR. COLLINS TO JUDGE

13      I never received notice of this one.  I just -- we have --

14  JUDGE TO MR. COLLINS

15      Oh, I'm sorry.  You should have gotten a notice.

16  MR. COLLINS TO JUDGE

17      That's fine, I, I was aware of the hearing but --

18  JUDGE TO MR. COLLINS

19      Because you do have an E-28 in there and I really don't know
20  why.

21  MR. COLLINS TO JUDGE

22      Yes, but we checked the Court computer and apparently it was
23  on that.

24  MR. BINGHAM TO JUDGE

25      What was the date of the robbery third?  I'm sorry?

A 23 441 796                    12              October 22, 2001

1  MR. COLLINS TO JUDGE

2      It was 1999.

3  MR. BINGHAM TO JUDGE

4      1999.

5  JUDGE TO MR. BINGHAM

6      So I don't think there's any other relief available'

7  otherwise.

8  JUDGE FOR THE RECORD

9      All right.  So we'll set this down for the next available

10  hearing date.

11  JUDGE TO MR. COLLINS

12      Okay?

13  MR. COLLINS TO JUDGE

14      All right, thank you.

15  JUDGE TO MS. SZYMANSKI

16      Q.  All right.  Anything further, ma'am?

17      A.  No.

18      Q.  Do you have any questions?

19      A.  No, thank you.

20      Q.  Okay.

21      A.  Thank you very much.

22      Q.  All right.

23      A.  Yeah, bye-bye.

24  JUDGE FOR THE RECORD

25      This matter is adjourned.

A 23 441 796                    13                    October 22, 2001

1                           HEARING ADJOURNED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 23 441 796                      14                  October 22, 2001

# U.S. Department of Justice
## Executive Office for Immigration Review
### United States Immigration Court

Matter of

File A 23 441 796

|  |  |
|---|---|
| ALICJA SZYMANSKI | ) |
| | ) |
| | )  In REMOVAL Proceedings |
| | ) |
| | ) |
| Respondent | )  Transcript of Hearing |

Before MICHAEL W. STRAUS, Immigration Judge

Date:   April 29, 2002            Place:   Hartford, Connecticut

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

    For the Immigration and
    Naturalization Service:         For the Respondent:

    John Marley                     Anthony Collins

1  JUDGE FOR THE RECORD

2      This is Immigration Judge Michael W. Straus.  This is a

3  removal hearing in Hartford, Connecticut, April 29th, 2002 in the

4  matter of Alicja Niver, also known as Alicja Szymanski, file no.

5  A 23 441 796.

6  JUDGE TO MR. COLLINS

7      Present on behalf of the respondent?

8  MR. COLLINS TO JUDGE

9      Anthony Collins.

10 JUDGE TO MR. BINGHAM

11     Present on behalf of the INS?

12 MR. BINGHAM TO JUDGE

13     John Marley.

14 JUDGE FOR THE RECORD

15     All right.  Exhibit 1 is the NTA.  I have Exhibit 2 for

16 identification as the record of conviction for robbery third and

17 larceny third.

18 JUDGE TO MR. COLLINS

19     Do you have any objection to that document?

20 MR. COLLINS TO JUDGE

21     No.

22 JUDGE FOR THE RECORD

23     All right.  That will be marked as Exhibit 2.

24 JUDGE TO MR. COLLINS

25     And are you ready to plead?

A 23 441 796                    15                April 29, 2002

1  MR. COLLINS TO JUDGE

2      Yeah --

3  JUDGE TO MR. COLLINS

4      Well, hold on, why don't we wait until she gets on the

5  phone?  I don't want to --

6  MR. COLLINS TO JUDGE

7      Thank you.

8  CLERK TO JUDGE

9      (Indiscernible).

10 JUDGE TO CLERK

11     No, I don't think so.

12 JUDGE TO MR. COLLINS

13     Wait until she gets on the phone and we'll --

14 JUDGE TO MS. SZYMANSKI

15     Q.   Hello?  Hello?

16     A.   Hello?

17     Q.   Yes, Ms. Niver?

18     A.   Yes.

19     Q.   Hi, this is Immigration Judge Michael Straus in

20 Hartford.

21     A.   How are you doing, Your Honor?

22     Q.   Okay.  Your attorney, Mr. Collins is present right now

23 in court before me.

24     A.   Okay.

25     Q.   Okay.  And essentially what we're going to do is you

A 23 441 796                    16                 April 29, 2002

1  have to plead to the charges.  Do you understand that?

2      A.    Yes, I do.

3      Q.    To the Immigration charges.  And those charges are that

4  you came, you were convicted of robbery third and larceny third.

5      A.    Yes, that's correct.

6      Q.    Do you understand that?  Okay.

7  JUDGE TO MR. COLLINS

8      Mr. Collins, you have the --

9  MR. MARLEY TO MR. COLLINS

10      Is the witness here?

11  MR. COLLINS TO MR. MARLEY

12      No, this is his husband.

13  JUDGE TO MR. COLLINS

14      Okay.

15  MR. COLLINS TO JUDGE

16      Yeah, I would just like her to know that her husband is

17  here.

18  JUDGE TO MR. COLLINS

19      Okay.

20  JUDGE TO MS. SZYMANSKI

21      Q.    Your husband is also present in court.

22      A.    Thank you.

23      Q.    Okay?

24      A.    Yes.

25  MR. COLLINS TO JUDGE

A 23 441 796                    17                    April 29, 2002

1      I'm ready to plead.  I'm just trying to find my NTA.  I'm

2  sorry.

3  JUDGE TO MR. COLLINS

4      Okay, do you want to look at the Court's or --

5  MR. COLLINS TO JUDGE

6      Sure.

7  JUDGE TO MR. COLLINS

8      Okay.

9  MR. COLLINS TO JUDGE

10      I'll concede the charges.

11  JUDGE TO MR. COLLINS

12      All right.  Now do you admit all the charges, Mr. Collins?

13  MR. COLLINS TO JUDGE

14      Yes.

15  JUDGE TO MR. COLLINS

16      And --

17  MR. MARLEY TO JUDGE

18      And more specifically, Judge, all the allegations.

19  JUDGE TO MR. MARLEY

20      Right.

21  MR. MARLEY TO JUDGE

22      The charge is conceded, right?

23  MR. COLLINS TO JUDGE

24      Yes.

25  JUDGE TO MR. COLLINS

A 23 441 796

18

April 29, 2002

1      The charges are conceded?

2  MR. COLLINS TO JUDGE

3      Yes.

4  JUDGE TO MR. COLLINS

5      And do you seek any relief?

6  MR. COLLINS TO JUDGE

7      I'm not aware of any relief that's available for the

8  respondent.

9  JUDGE TO MR. COLLINS

10      Yeah.  And what country would she designate?

11  MR. COLLINS TO JUDGE

12      Poland.

13  JUDGE TO MR. COLLINS

14      Poland?  Okay.  Yeah, it doesn't look under --

15  JUDGE TO MS. SZYMANSKI

16      Q.   Ms. Niver, it doesn't look like under the Immigration

17  laws that there is any relief.  I know your attorney was talking

18  about some sort of deferred action with the --

19  MR. COLLINS TO JUDGE

20      Yes, and we're still working on that.  That's still not

21  completely possible but --

22  MR. MARLEY TO JUDGE

23      I think the Service's position is that we're going to

24  continue to look at that, Judge, but it will probably be post-

25  order.

A 23 441 796                    19                    April 29, 2002

1   JUDGE TO MR. MARLEY

2       Okay.

3   JUDGE TO MS. SZYMANSKI

4       Q.   Ma'am, it looks like under the Immigration laws,

5   there's no relief available based on your convictions.  Do you

6   understand that?

7       A.   Yes, I do.

8       Q.   Okay.  And under the Immigration laws, it looks like I

9   have no other option but to order your removal to ·Poland.  Do you

10  understand that?

11      A.   Yeah.  Yes.

12      Q.   Okay.

13  JUDGE TO MR. COLLINS

14      Now Mr. Collins, do you want to reserve appeal?

15  MR. COLLINS TO JUDGE

16      I'll reserve appeal.

17  JUDGE TO MR. COLLINS

18      Okay.

19  JUDGE TO MR. MARLEY

20      And Mr. Marley?

21  MR. MARLEY TO JUDGE

22      Final order for the Service, thank you.

23  JUDGE TO MR. MARLEY

24      All right.

25  JUDGE TO MR. COLLINS

A 23 441 796                    20                    April 29, 2002

1          Okay, all right.   Is there anything further in this matter?

2    MR. COLLINS TO JUDGE

3          No, nothing further.

4    JUDGE TO MS. SZYMANSKI

5          Q.    All right, Ms. Niver, do you have any questions?   And

6    I'm going the, your attorney the order.   Okay?

7          A.    Okay.

8          Q.    Do you understand that?   And he's reserving appeal.

9    And what that means is that this decision is final unless a

10   Notice of Appeal is received by the Board of Immigration Appeals

11   by close of business May 29th.   Okay?

12         A.    Judge, you're saying that I'm going to be deported?

13         Q.    Right.   I'm ordering you deported because I have no

14   other option under the Immigration laws, number one.   Your

15   attorney has reserved appeal.   And what reserved appeal means is

16   that you have the option of filing an appeal on my decision.

17         A.    Uh-huh.

18         Q.    Okay?

19         A.    Okay.

20         Q.    And in order for that appeal to be effective, it must

21   be filed by close of business May 29th, 2002.   Do you understand

22   that?

23         A.    May 29th?   Okay.

24         Q.    Okay?

25         A.    Okay.

A 23 441 796

21

April 29, 2002

1      Q.    Do you have any other questions?

2      A.    No, not for you, Judge.

3      Q.    All right.  All right.  And if you could hand me back

4    to Mr. Ewald (phonetic sp.).

5      A.    Okay, I will do that.

6      Q.    Thank you.

7    JUDGE FOR THE RECORD

8         This matter is concluded.

9                          HEARING CLOSED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 23 441 796
                          22
                                   April 29, 2002

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

JUDGE MICHAEL W. STRAUS, in the matter of:

ALICJA SZYMANSKI

A 23 441 796

Hartford, Connecticut

is an accurate, verbatim transcript of the cassette tape as provided by the

Executive Office for Immigration Review and that this is the original transcript

thereof for the file of the Executive Office for Immigration Review.


Susan Aiello, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902


July 14, 2002
(completion date)



By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony
BEC/T-147, 4-channel transcriber or equivalent, as described in Section C,
paragraph C.3.3.2 of the contract, was used to transcribe the Record of
Proceeding shown in the above paragraph.