MANDATE

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 8th day of June, two thousand five.

PRESENT:
    HON. JOSEPH M. McLAUGHLIN,
    HON. CHESTER J. STRAUB,
    HON. PETER W. HALL,
                    *Circuit Judges.*

FILED JUN 8 2005
Roseann B. MacKechnie, Clerk
SECOND CIRCUIT

---

ALICJA NIVER,

                *Petitioner-Appellant,*

                                **SUMMARY ORDER**
                                No. 04-3599-pr

            v.

INS, BD. OF IMMIGRATION,

                *Respondent-Appellee.*

---

Appearing for Appellant:   David J. Wenc, Wenc Law Offices, Windsor Locks, CT.

Appearing for Appellee:    Lisa E. Perkins, Assistant United States Attorney for the District of Connecticut (William J. Nardini, Assistant United States Attorney; Kevin J. O'Connor, United States Attorney, *on the brief*), Hartford, CT.

Issued as Mandate: AUG 1 7 2005

*Niver v. INS*,
No. 04-3599-pr

  Appeal from the judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

  AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment is AFFIRMED.

---

  Petitioner-appellant Alicja Niver ("Niver") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge a removal order entered by the Bureau of Immigration Appeals ("BIA"). She now appeals from the judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*), entered May 24, 2004, denying her petition.[1] We assume familiarity with the facts, procedural history, and issues on appeal.

  By a Notice to Appear dated February 5, 2001, the Immigration and Naturalization Service ("INS")[2] initiated removal proceedings against Niver. The Notice to Appear charged that: Niver is not a citizen of the United States; she is a native and citizen of Poland; she was

---

  [1] The government has suggested that we treat Niver's habeas petition as a petition for review pursuant to section 106 of the Real ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231, 310-11 (amending 8 U.S.C. § 1252) (enacted May 11, 2005). In essence, section 106(a) provides that petitions for review shall be the exclusive means for challenging final removal orders by the BIA. Section 106(b) generally provides that the Act applies retroactively, and section 106(c) provides a procedure for handling cases pending in the district court on the date of the Act's enactment. But the Act does not indicate how to proceed where an appeal is already pending in this Court. Whether or not Congress intended to affect habeas petitions where judgment has already been entered by a district court, we do not need to resolve this issue. Even if the Act were to apply in this case, it would have no bearing on the ultimate result. We thus proceed to dispose of the case as an appeal from the denial of a petition for writ of habeas corpus.

  [2] On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security. Nonetheless, because the relevant immigration proceedings were conducted while the INS was still in existence, we refer to the INS as the relevant agency.

2

*Niver v. INS*,
No. 04-3599-pr

lawfully admitted to the United States in 1979 and was later granted the status of lawful permanent resident; and on December 3, 1999, she was convicted in the Connecticut Superior Court for the offense of robbery in the third degree and she was sentenced to a term of five years' imprisonment. The INS sought to remove Niver pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") on the grounds that she had been convicted of an aggravated felony, as defined under INA section 101(a)(43)(F), (G). On April 29, 2002, Niver appeared with counsel before the Immigration Judge ("IJ") and admitted to all the charges and allegations contained in the Notice to Appear. The IJ asked whether she was seeking any relief from removal and her counsel indicated that he was unaware of any available relief. Without any application for relief and having found that no relief would be available to Niver, the IJ ordered her removed from the United States to Poland. Niver appealed to the BIA, raising the argument that her state offenses do not necessarily qualify as aggravated felonies under the INA. By order dated December 18, 2002, the BIA rejected this argument and summarily dismissed her appeal. Because she was removable due to a conviction for an aggravated felony, Niver was barred from filing a direct petition for review of the BIA's final order under the law in effect at the time. *See* 8 U.S.C. § 1252(a)(2)(C).

Niver subsequently filed a petition for writ of habeas corpus in the District Court to challenge the removal order. Pertinent to this appeal, Niver, for the first time, claimed that she is in fact a national of the United States and is therefore not removable as an *alien* convicted of an aggravated felony. *See* 8 U.S.C. § 1101(a)(22) (defining "national" as "a person who, though not a citizen of the United States, owes permanent allegiance to the United States"). Her basis for

3

*Niver v. INS*,
No. 04-3599-pr

this claim is that she had, in June 1979 and August 1998, filed applications for United States citizenship in which she indicated allegiance to the United States. She contended that these applications, combined with her long-time residence in the country and other factors, qualify her as a national. Niver also argued that she received ineffective assistance of counsel in connection with her state conviction because the conviction was entered pursuant to a guilty plea and her counsel allegedly failed to advise her properly about the immigration consequences of her plea. The District Court denied her petition on all grounds, primarily because Niver failed to exhaust her administrative remedies. The District Court also denied her request for a stay of deportation while she pursues a habeas petition in Connecticut state court to attack her conviction on the grounds of ineffective assistance of counsel.

Niver pursues essentially the same arguments on appeal, but the District Court's decision must be affirmed because Niver failed to exhaust her administrative remedies. Under 8 U.S.C. § 1252(d)(1), we lack jurisdiction to grant a habeas petition unless the alien has "exhausted all administrative remedies available . . . as of right." *See Theodoropolous v. INS*, 358 F.3d 162, *cert. denied*, 125 S. Ct. 37 (2004). Niver never argued before the IJ or BIA that she is a national of the United States; in fact, she admitted to the allegation in the Notice to Appear that she is a citizen of Poland. She also did not raise any issues as to the effectiveness of her representation in the state court criminal proceedings. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004) (stating that aliens must raise issues before the IJ or BIA in order to exhaust administrative remedies); *Beharry v. Ashcroft*, 329 F.3d 51 (2d Cir. 2003) (finding no jurisdiction to grant petition for relief that was never requested in deportation proceedings). The statutory exhaustion

4

*Niver v. INS*,
No. 04-3599-pr

requirement in § 1252(d)(1) is mandatory except in narrow circumstances, *see Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 52 (2d Cir. 2004), and Niver has not demonstrated such circumstances in this case. Namely, she has neither shown why the issues were not raised before the IJ and BIA nor has she shown that her legal arguments are clearly correct. *See Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 966 (9th Cir. 2003) (holding that petitioner did not become a "national" simply by pledging allegiance in citizenship application), *cert denied*, 540 U.S. 1104 (2004); *accord Salim v. Ashcroft*, 350 F.3d 307, 310 (3d Cir. 2003); *see also Abimbola v. Ashcroft*, 378 F.3d 173, 181 (2d Cir. 2004) (stating that aliens may not collaterally attack state convictions through habeas petition challenging a BIA removal order).

Finally, Niver requests a stay of deportation while she pursues her habeas petition in state court to attack her criminal conviction. After the appellate briefs were filed in this case, the Connecticut Superior Court denied her petition. *See Niver v. Warden*, No. CV030004241, 2005 WL 152021 (Conn. Sup. Ct. Jan. 5, 2005). While she may still appeal the Superior Court decision, that decision is a strong indication that she cannot demonstrate a likelihood of success on the merits, which is required to obtain a stay of deportation. *See Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (explaining criteria to obtain a stay of deportation, including a likelihood of success on the merits and irreparable injury if the stay denied).

*Niver v. INS*,
No. 04-3599-pr

    We have considered all other arguments raised by Niver on appeal and find them to be without merit. For the foregoing reasons, the judgment of the District Court denying her petition for writ of habeas corpus is AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

*[signature]*                                              6/8/05

BY: Richard Alcantara, Deputy Clerk              DATE: 6/8/05